*H. C. Lilly, J. & J. W. Rodman, for appellant.*

*A. J. James, for appellee.*

---

EDWARD G. WESTCOTT v. EDWARD H. MAXWELL, ET AL.

**Suit to Set Aside Conveyance of Real Estate.**

　　Where real estate is conveyed by the wife for no other consideration than as a token of her purpose to reform, and after the marital relation and the cause of the husband's shame and mortification are entirely removed, such conveyance will be set aside.

APPEAL FROM KENTON CHANCERY COURT.

February 21, 1880.

OPINION BY JUDGE PRYOR:

The claim of the husband to the property conveyed him by the wife, for no other consideration than as a token of her purpose to reform, does not strike the mind of the chancellor as being altogether meritorious, and particularly after the marital relation has been severed, and the cause of the husband's shame and mortification, conceding his statement to be true, entirely removed. It may be difficult for counsel, by reason of his zeal for his client, to realize the position in which the latter is placed by a defense that both in a legal and moral point of view must determine this case adversely to him.

We can only try this cause upon the record as we find it, and the more the defense is examined the stronger the inclination to annul the conveyances made by the wife of the property in controversy. The only objection really urged by counsel is the language used in the opinion that reflects on the conduct of his client, and while the appellant may be all that is claimed for him by those who know him best, this court must speak alone from the facts developed by the record. Being convinced as to the correctness of the conclusion reached the petition is overruled.

The opinion has been modified by the erasure of certain words that in the opinion of counsel reflect too severely on the appellant.

*M. J. Dudley*, for appellant.

*Stevenson & O'Hara*, for appellees.